## ECKART *v.* ECKART, EXECUTOR.

[No. 13,165. Filed October 23, 1928. Rehearing denied February 13, 1929. Transfer denied October 27, 1932.]

*E. V. Harris,* for appellant.
*Leonard, Rose & Zollars,* for appellee.

McMAHAN, J.—This is an action by Wayne Eckart against Henry Eckart, executor of the last will of Herbert Earl Eckart, Henry Eckart, and Helen Keenan, to have an instrument purporting to be the last will of Herbert Eckart declared invalid and to have the probate thereof set aside. A demurrer was sustained to the complaint, hence this appeal.

The complaint alleges that Herbert Eckart died in February, 1925; that in March, 1926, an instrument purporting to be his last will and dated January 12, 1919, was admitted to probate by the clerk of the Allen Circuit Court; that by the terms of his will the decedent gave all of his property to Henry Eckart, Marie L. Eckart, and Helen Marie Keenan, the first two being his father and mother, and Helen being his sister; that after the execution of said will, and before the death of the testator, his mother died; that said will is invalid for the

reason that on September 6, 1924, plaintiff was born to Marvel Dewitt Archibald, the said testator being his father; that a paternity proceeding was thereafter instituted by plaintiff's mother before a justice of the peace wherein the testator was alleged to be the father of the plaintiff; that the said testator on divers times acknowledged that plaintiff was his child. It is further alleged that the testator left surviving him no legitimate child or descendant of a legitimate child; that as a result thereof said will was revoked and is invalid, and plaintiff is entitled to inherit the whole of the estate of said Herbert Eckart.

Section 3457, Burns 1926, §2560, R. S. 1881, provides: "If, after the making of a will, the testator shall have born to him legitimate issue, who shall survive him, or shall have posthumous issue, then such will shall be deemed revoked, unless provisions shall have been made in such will for such issue." Section 3333 Burns 1926, Acts 1901, p. 288, provides that: "The illegitimate child or children of any man dying intestate and having acknowledged such child or children during his lifetime as his own shall inherit his estate, both real and personal, and shall be deemed and taken to be the heir or heirs of such intestate in the same manner and to the same extent as if such child or children had been legitimate. . . . The provisions of this act shall not apply where the father of the illegitimate child, at his death, had surviving legitimate children or descendants of legitimate children."

Appellant contends that since the birth of a legitimate child subsequent to the making of a will which makes no provision for such child revokes such will; that under the provisions of §3333, *supra,* the birth of an illegitimate child born to a man, after the making of a will which fails to make provision for such illegitimate child, revokes such will if the putative father, during his life-

time, acknowledged such child as his own, and that under the facts as alleged in the complaint, Herbert Eckart died intestate.

In other words, it is appellant's contention that the fact that the testator during his lifetime acknowledged plaintiff to be his child, had the effect of revoking the will in question, notwithstanding the fact that he is an illegitimate child. We cannot agree with this contention. It is birth of a *legitimate* child that has the effect of revoking a will when no provision is made in such will for such child.

Judgment affirmed.